# EXHIBIT 1



1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

Grant E. Kinsel
PHONE:(206) 359-3516
EMAIL: GKinsel@perkinscoie.com

January 2, 2014

*Via ECF*

The Honorable Leonard Davis
Chief District Judge
U.S. District Court for the Eastern District of Texas
200 W. Ferguson, Third Floor
Tyler, TX 75702

Re:   *ThinkOptics, Inc. v. Nintendo of America Inc., et al*
      Case No. 6:11-cv-00455-LED

Dear Chief Judge Davis:

Nintendo requests leave to file a summary-judgment motion that the patents-in-suit are invalid. The summary judgment motion would invalidate all asserted claims in this action and dispose of the case. No disputed issues of material fact preclude summary judgment, and Nintendo is entitled to judgment as a matter of law.

The PTO originally allowed the asserted claims because the claims recite three processing steps to identify the location of a marker on a pixelated sensor. The patent examiner found that those processing steps were not in the prior art and allowed the claims solely on that basis. But those processing steps were in the prior art, and ThinkOptics does not — and cannot — meaningfully dispute that fact. Indeed, ThinkOptics's own expert has testified at disposition that the three claimed processing steps were known in the art.

That the three processing steps were indisputably in the prior art is confirmed by the fact that the PTO instituted *inter partes* reexamination of all of the asserted claims. And even after ThinkOptics had a full opportunity to argue and present its evidence as to why

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DALLAS · DENVER · LOS ANGELES · MADISON · NEW YORK
PALO ALTO · PHOENIX · PORTLAND · SAN DIEGO · SAN FRANCISCO · SEATTLE · SHANGHAI · TAIPEI · WASHINGTON, D.C.

Perkins Coie LLP

Hon. Leonard Davis
January 2, 2014
Page 2

ThinkOptics believed the PTO was incorrect, including multiple declarations from an expert, the PTO maintained that the asserted claims are not patentable.



FIG. 5A

The patent-in-suit— U.S. Patent Nos. 7,796,116; 7,852,317; and 7,864,159— concern systems and methods for "absolute pointing" to control a computing device. As shown in Fig. 5A, right, the patents describe a handheld device with a camera in it. The camera takes a picture of markers that are placed on or near a display. The central feature required in *all* asserted claims in *all* three patents is that the handheld device processes the image data from that picture to determine the markers' location on the camera's pixelated sensor with the following three processing steps:

> [1] determining an intensity value for each [pixel] of the pixelated sensor, the intensity value attaining one of three or more quantized intensity values;
>
> [2] identifying pixels which have an intensity value above a specified threshold;
>
> [3] using only those pixels which have an intensity value above the specified threshold, generating the coordinate data based on both the intensity value for each of the pixels and the location of each of the pixels on the pixelated sensor. . . .[1]

The location of the markers is then used to determine where the handheld device is pointing and some action is taken at that location on the display.

---

[1] The wording of the processing steps is slightly different in the three asserted patents, but the parties have agreed that the steps in each of the claims has the same meaning.

Hon. Leonard Davis
January 2, 2014
Page 3

The patent examiner allowed the asserted claims because she did not believe that the prior art disclosed the three claimed processing steps.[2] But, in fact, it did. When presented with the evidence in *inter partes* reexamination of all three patents-in-suit, the PTO has now determined that several prior art references disclosed the three claimed processing steps used to determine the location of the markers on a pixelated sensor. Thus, the PTO has rejected all the asserted claims in this action.[3]



For example, the PTO found that Tei, Japanese Patent Application Publication No. 2003-208260, discloses the three claimed processing steps. Just like the patents-in-suit, Tei discloses a handheld pointing device having a pixelated sensor for detecting the location of markers proximate to a display. As shown in Tei, right, a pixelated sensor (the CCD imaging plate), identifies the location of infrared markers at the corners of the image display face. The location of the markers is then used to calculate where the handheld device is pointing on the display.



The PTO also relied on Yamamoto, Japanese Patent Application Publication No. H10-228349, to find the asserted claims unpatentable. Like the patents-in-suit and Tei, Yamamoto discloses a handheld device having a pixelated sensor for detecting the location of markers placed proximate to a display. As shown in Yamamoto, right, a pixelated sensor in the handheld device (20), identifies the location of infrared markers (11, 12) next to the display. The location of the markers is then used to

---

[2]   '116 Patent File History, Notice of Allowance mailed 2010-4-29 at 11 (emphasis omitted). See also '317 Patent File History, Notice of Allowance mailed 2010-8-23 at 3; '159 Patent File History, Notice of Allowance mailed 2010-9-2 at 3 (slightly modified version of the processing steps).

[3]   *Inter Partes* Reexamination Nos. 95/002,114, 95/002, 116, 95/002,118. Nintendo notes that it has moved the Court to stay this case pending final resolution of the *inter partes* reexamination of the patents-in-suit. *See* Dkt. Nos. 269, 273–76.

Hon. Leonard Davis
January 2, 2014
Page 4

calculate where the handheld device is pointing (p) on the display face.

Both Tei and Yamamoto disclose the elements of the asserted claims, including the three processing steps, and neither reference was before the PTO during the original examination. Still, ThinkOptics will likely try to manufacture a disputed issue of material fact that these two references disclose the three processing steps. This is the same argument that ThinkOptics has made to the PTO — which the PTO has rejected — in connection with the reexaminations. Regardless, the three processing steps were ubiquitous in the prior art, and ThinkOptics's own expert has so confirmed.

For example, the undisputed facts demonstrate that Trinder, *Photogrammetric Engineering and Remote Sensing*, Vol. 55, No. 6, June 1989, pp. 883-86, discloses that the three processing steps were well known at the time the patents-in-suit were filed. More than sixteen years before the patents-in-suit were filed, Trinder demonstrated that one could identify the location of a marker on a pixelated sensor to a greater precision using the three claimed processing steps. Specifically, Trinder disclosed that the precision with which a marker on a sensor could be located is greatly improved by [1] quantizing the intensity data to at least three quantized intensity values, [2] thresholding that data, and [3] then using both the intensity and location of the thresholded pixels to determine the location of a marker on a sensor. These are the three processing steps, almost verbatim.

ThinkOptics cannot dispute the fact that Trinder discloses the three processing steps. Mr. Zeidman testified as follows: "Q. So to summarize, with the caveat that you believe Trinder discloses the three processing steps out of order, it's your understanding that Trinder discloses a processor, as the term is used in the patents-in-suit, to process pixel data, as the term 'process' is used in the patents-in-suit, by performing the steps of quantizing, thresholding, and generating coordinate data, . . . as we've previously defined those steps in the patents-in-suit? . . . . A. That's my best understanding at this point."

"The ultimate judgment of obviousness is a legal determination," and summary judgment may be appropriate if "the content of the prior art, the scope of the patent claim, and the level of ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors."[4] Here, there is no meaningful dispute that the all of the elements of the asserted claims were in the prior

---

[4] *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 127 S.Ct. 1727, 1745–46, 167 L.Ed.2d 705 (2007) (citing *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966)).

Hon. Leonard Davis
January 2, 2014
Page 5

art. Nor is there any dispute regarding either the scope of the patents or the level of skill in the art. Thus, summary judgment is appropriate that the asserted claims are invalid as obvious.

Very truly yours,

Grant E. Kinsel