IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| THINKOPTICS, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | CASE NO. 6:11-CV-455 |
| NINTENDO OF AMERICA, INC., et al., § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court is ThinkOptics, Inc.'s ("ThinkOptics") Motion to Exclude the Testimony of Daniel J. Slottje (Docket No. 349). The Court heard arguments regarding this Motion on May 15, 2014. Based on the parties' briefings and arguments, the Motion is **GRANTED**.

## BACKGROUND

ThinkOptics, Inc. ("ThinkOptics") filed this lawsuit on September 2, 2011, accusing several Defendants of infringing three patents: U.S. Patent Nos. 7,796,116; 7,852,317; and 7,864,159. The three patents share a common specification and are directed to systems and methods for displaying and moving a cursor on a screen using a handheld pointing device. All defendants other than Nintendo have since been dismissed. The accused products encompass Nintendo Wii consoles that operate with the Wii Remote, Wii Remote Plus, and the Wii Sensor Bar.

On November 25, 2013, Nintendo's damages expert, Professor Daniel Slottje, issued a damages report regarding Nintendo's alleged infringement. Docket No. 363, Ex. 7. Professor Slottje structures his damages analysis as a reasonable royalty calculation. He notes that during

prosecution, all elements of ThinkOptics' asserted invention except for three image-processing steps were found obvious in view of the prior art. *Id.* at 8. Thus, Professor Slottje deems the three image-processing steps to be the "inventive aspect" of the asserted patents. *Id.* The Wii Remote's direct pointing device ("DPD") is accused of practicing the three image-processing steps in combination with a Bluetooth microcontroller. Docket No. 363 at 3. However, Nintendo asserts, the Bluetooth microcontroller existed in the prior art when the invention resulting in the asserted patents occurred. *Id.* at 4. Therefore, Professor Slottje concludes, the proper royalty base is the DPD alone, and does not include the accused Bluetooth microcontroller or any other portion of an accused device. *Id.* at 5; *see* Docket No. 363, Ex. 7 at 32. Additionally, Professor Slottje proposes an alternative royalty base consisting of the DPD in combination with the sensor bar. Docket No. 363, Ex. 7 at 35.

## APPLICABLE LAW

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Rule 702 provides that "scientific, technical, or other specialized knowledge" may be admissible where such testimony "will help the trier of fact to understand the evidence or to determine a fact in issue . . . ." FED. R. EVID. 702. Such testimony is only admissible if "[1] the testimony is based on sufficient facts or data; [2] the testimony is the product of reliable principles and methods; and [3] the expert has reliably applied the principles and methods to the facts of the case." *Id.*; *see also Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 592–93 (1993). In applying these standards, district courts are charged to act as "gatekeepers" in order to ensure that "any and all scientific evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. The primary concern of the "gatekeeper" function "is to make certain that an expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."

2

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). To that end, any step an expert takes in formulating his opinion "that renders the analysis unreliable . . . renders the expert's testimony inadmissible." *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 670 (5th Cir. 1999).

However, the district courts are not "intended to serve as a replacement for the adversary system." *United States v. 14.38 Acres of Land,* 80 F.3d 1074, 1078 (5th Cir. 1996); FED. R. EVID. 702 (advisory committee notes, 2000 amendments). "Vigorous cross–examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. Accordingly, if a party offering expert testimony can prove by a preponderance of the evidence that the expert is qualified, the expert's testimony is relevant, and the testimony is reliable, a court should not exclude it. *Id.* at 590–91.

Upon finding infringement, "the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer . . . ." 35 U.S.C. § 284. A reasonable royalty may be based on the value of an entire accused product if the patented feature of the product drives its demand. *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 67 (Fed. Cir. 2012). Otherwise, a reasonable royalty must be based on the "smallest salable patent-practicing unit." *Id.*

## ANALYSIS

ThinkOptics contends that Professor Slottje's royalty base should be excluded because it does not include the value of every claimed element. It also argues that even Professor Slottje's alternative royalty base, comprised of the DPD and sensor bar, is inappropriate because it does not include the accused Bluetooth microcontroller and Wii console. Nintendo argues the royalty base should only include products accused of infringing the "inventive" aspects of the asserted

patents. Thus, it maintains that Professor Slottje's report properly excludes revenue associated with components alleged to infringe claimed elements that the patentee did not invent.

Nintendo's position is unsupported. While it is sometimes necessary to apportion the smallest salable patent practicing unit to remove the value of unclaimed elements, Nintendo has not cited any precedent permitting the complete removal of the value of claimed elements. Nintendo cites language from *Cornell Univ. v. Hewlett-Packard Co.* stating that the proper royalty base is the "smallest salable infringing unit *with close relation* to the claimed invention." 609 F. Supp. 2d 279, 288 (N.D.N.Y. 2009), *amended by* No. 1-cv-1974, 2009 WL 1405208 (N.D.N.Y. May 15, 2009) (emphasis added). However, the "close relation" language in *Cornell* reflects that the royalty in that case was based on a product that also practiced unclaimed elements, in addition to the elements claimed.[1] Nintendo also cites the U.S. Court of Appeals for the Federal Circuit's decision in *Lucent Technologies, Inc. v. Gateway, Inc.*, which excluded the value of computers and displays from the royalty base where the asserted claims merely recited a method for using a computer with a display. 580 F.3d 1301, 1310–11 (Fed. Cir. 2009). But since the asserted patents in that case did not claim computers or displays, the removal of their value from the royalty base did not remove value of any claimed element.

Since the royalty base in Professor Slottje's report excludes the value of claimed elements, it does not "carefully tie proof of damages to the claimed invention's footprint in the market place." *See LaserDynamics*, 694 F.3d at 67. Nor does it attempt to "award the claimant damages adequate to compensate for infringement . . . for the use made of the invention by infringer . . . ." *See* 35 U.S.C. § 284. In order to do so, Professor Slottje's royalty base must include the value of all claimed elements.

---

[1] The accused product in Cornell was a small part of an instruction recorder buffer that was included in the smallest saleable unit, a processor. *Cornell*, 609 F. Supp. 2d at 283.

## CONCLUSION

For the reasons set forth above, ThinkOptics' Motion to Exclude the Testimony of Daniel J. Slottje (Docket No. 349) is **GRANTED**. If Nintendo intends to rely on Professor Slottje's reasonably royalty analysis at trial, Professor Slottje must amend his report and recalculate his reasonable royalty in light of the Court's ruling by **June 27, 2014 at 12:00 p.m.** If Professor Slottje amends his report, then ThinkOptics may depose Professor Slottje by **June 30, 2014 at 5:00 p.m.** ThinkOptics is also granted leave to file a supplemental expert report to respond to Professor Slottje's amended report by **July 1, 2014 at 5:00 p.m.** Nintendo may conduct a deposition relating to ThinkOptics' supplemental expert report by **July 2, 2014 at 5:00 p.m.**

**So ORDERED and SIGNED this 21st day of June, 2014.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**