**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| ThinkOptics, Inc., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 6:11-CV-455 (LED)** |
| | § | |
| Nintendo of America Inc., *et al.*, | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendants*. | § | |

## JOINT AMENDED FINAL PRETRIAL ORDER[1]

Pursuant to Local Rule CV-16, Federal Rule of Civil Procedure 16, and the Court's

Docket Control Order dated September 10, 2012 (Dkt. No. 176), Defendants Nintendo of

America Inc. ("NOA") and Nintendo Co., Ltd. ("NCL") (collectively, "Nintendo") and Plaintiff

ThinkOptics, Inc. ("ThinkOptics") (collectively, the "Parties") hereby submit the following Joint

Proposed Pretrial Order.

This case came before the Court for a Final Pretrial Conference on June 26, 2014, at 9:00

a.m. in Tyler, Texas. Subject to the other rulings made at the Final Pretrial Conference and

thereafter, the Court enters the following Order.

## I.     COUNSEL FOR THE PARTIES

### A.     Attorneys for Plaintiff ThinkOptics, Inc.:

| Plaintiff | Attorneys |
|---|---|
| THINKOPTICS, INC. | NIX PATTERSON & ROACH, L.L.P.<br>D. Neil Smith, Attorney in Charge<br>Derek Gilliland<br>Edward Chin<br>Andrew Wright<br>Kirk Voss<br>Christian Hurt |

---

[1] The Parties reserve the right to amend, supplement, or modify their contentions as the case proceeds.

| | **SLATER & MATSIL, L.L.P.**<br>Steven Slater<br>Natalie Swider<br>Adam C. Davenport |
|---|---|

**B.    Attorneys for Defendants**:

| Defendants | Attorneys |
|---|---|
| **NINTENDO OF AMERICA INC.**<br><br>**NINTENDO CO., LTD.** | **PERKINS COIE, LLP**<br>Grant E. Kinsel<br>Joseph Preston Hamilton<br>Jonathan McFarland<br>Tyler Peterson<br>Kyle Amborn<br>Michael Song<br><br>**SIEBMAN REYNOLDS BURG & PHILLIPS LLP**<br>Clyde Moody Siebman |

## II.    STATEMENT OF JURISDICTION

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, subject to Nintendo's contention that ThinkOptics lacks standing to pursue its infringement claims.  Personal jurisdiction and venue are no longer disputed in this action.

## III.    NATURE OF THE ACTION

This is a patent infringement case.  Plaintiff ThinkOptics, Inc. ("ThinkOptics") contends that Defendants Nintendo of America Inc. and Nintendo Co., Ltd. (collectively "Nintendo") have made, used, sold, offered to sell and/or imported into the United States the accused Nintendo Wii and Wii mini products (including consoles, sensor bar, and Wii Remote [Plus] controllers) and/or performed methods that infringe claims 16 and 26 of United States Patent No. 7,796,116 ("the '116 Patent") and claims 23, 26, and 28 of United States Patent 7,864,159 ("the '159 Patent")

(collectively, "Patents-in-Suit" or "ThinkOptics Patents"). ThinkOptics also contends that Nintendo has induced others including end-user customers and/or retailers to directly infringe the claims of the Patents-in-Suit. ThinkOptics also claims that Nintendo has infringed the Patents-in-Suit willfully. ThinkOptics is seeking damages adequate to compensate for the alleged infringement as well as injunctive relief against future acts of infringement by Nintendo. ThinkOptics also seeks prejudgment interest, post-judgment interest, attorneys' fees and costs pursuant to 35 U.S.C. § 285, and enhanced damages.

Nintendo contends that it does not and has not infringed the Patents-in-Suit. Nintendo further contends that the asserted claims are invalid in light of the prior art, based on anticipation, obviousness and prior invention. Nintendo of America Inc. requests a declaration from the Court that Nintendo's Wii and Wii mini do not infringe any asserted claims in the Patents-in-Suit, and that the asserted claims of the Patents-in-Suit are invalid. In addition to denying that ThinkOptics is entitled to any damages, Nintendo denies that its alleged infringement was willful and further denies that enhanced damages are appropriate. Nintendo denies that ThinkOptics is entitled to injunctive relief or any relief whatsoever, and Nintendo seeks its attorneys' fees and costs pursuant to 35 U.S.C. § 285.

## IV.     CONTENTIONS OF THE PARTIES

By providing these contentions, the parties are not conceding that all of these issues are appropriate for trial. Further, the parties do not waive any of their pending or anticipated motions for summary judgment, motions in limine or motions to exclude expert testimony, which, if granted, would resolve some or all of these issues. The parties' contentions in this case are further detailed in their pleadings, infringement/invalidity contentions, discovery responses, the

expert reports and depositions of the parties' expert witnesses, and their briefing and responses to the opposing party's motions.

### A.    ThinkOptics, Inc.'s Statement of Its Contentions[2]

1.    Plaintiff contends that it is the owner as assignee of all rights, title, and interest in the '116 and '159 Patents.

2.    Plaintiff contends that Nintendo of America Inc. directly and indirectly infringes claims 16 and 26 of the '116 Patent and claims 23, 26, and 28 of the '159 Patent.

3.    Plaintiff contends that Nintendo Co., Ltd. directly and indirectly infringes claims 16 and 26 of the '116 Patent and claims 23, 26, and 28 of the '159 Patent.

4.    Plaintiff contends that each Defendant's infringement was willful, which justifies awarding enhanced damages to Plaintiff.

5.    Plaintiff contends that it is entitled to damages adequate to compensate for the infringement of each Defendant in the form of at least a reasonable royalty.

6.    Plaintiff contends that it is entitled to pre- and post-judgment interest as to each Defendant.

7.    Plaintiff contends that it is entitled to an injunction as to each Defendant.

8.    Plaintiff contends that this is an exceptional case justifying award of reasonable attorneys' fees and costs against Defendants pursuant to 35 U.S.C. § 285.

9.    Plaintiff contends that the claims of the '116 and '159 Patents are entitled to an invention date of no later than June 2004, based on conception followed by continuous and reasonable, uninterrupted diligence to actual or constructive reduction to practice.

---

[2] Plaintiff contends that Defendants are attempting to improperly submit issues such as Plaintiff's alleged lack of standing to the jury, and that, if these issues are to be considered all, they should be considered by the judge as part of a motion to dismiss. Plaintiff also contends that any motion to dismiss for lack of standing is untimely and has been waived.

10.     Plaintiff contends that the alleged prior art references for anticipation and alleged obviousness combinations asserted by Nintendo are in excess of the number and scope of alleged prior art references and obviousness combinations that were disclosed in their expert's invalidity expert report. Plaintiff contends that Nintendo should be ordered to limit the number and scope of their alleged obviousness combinations to that which was specifically disclosed in their expert's invalidity expert report, as detailed in Plaintiff's Motion in Limine. *See* Dkt. No. 426, Topic #4. .

11.     Plaintiff contends that the Defendants never disclosed or raised a defense of anticipation in light of the Wii System Invention under 35 U.S.C. § 102(g) in their Invalidity Contentions or during discovery and have therefore waived asserting that defense in this case, which also lacks supporting evidence, as detailed in Plaintiff's Motion for Summary Judgment. *See* Dtk. No. 346.

12.     Plaintiff contends that to the extent that Defendants dispute Plaintiff's standing, the Defendants are estopped from contesting and/or have waived their right to contest Plaintiff's standing by their failure to file a Motion to Dismiss on or before the dispositive motion deadline.

13.     Plaintiff contends that if the issue of Plaintiff's standing remains to be determined, then it should be determined by the Court via the parties' briefing and a hearing; the standing issue should not be determined by the jury; evidence related solely to the standing issue should not be admitted into evidence for the jury's viewing or published to the jury; and that Nintendo's Intel-based standing defense—if considered over Plaintiff's waiver objection— should be addressed before the Triton-based standing defense, as detailed in Plaintiff's Response to Nintendo's Motion to Dismiss, Dkt. No. 429.

14.     Plaintiff denies Defendants' claims and defenses.

15.     Plaintiff denies that any asserted claim of the '116 and '159 Patents is invalid on any basis asserted by the Defendants, including but not limited to anticipation under 35 U.S.C. § 102; obviousness under 35 U.S.C. § 103; alleged prior invention by another who had not abandoned, suppressed, or concealed it; and/or in light of the prior art asserted by Defendants.

16.     Plaintiff denies that any invention claimed by the '116 or '159 Patents was assigned in any way to Intel Corporation or Triton Services, Inc. by any inventor at any time in any manner.  Plaintiff contends that ownership issues should not be considered for at least the reasons listed above.  But should ownership issues be considered, Plaintiff contends that neither the Triton Employment Agreement nor the Intel Employment Agreements was effective to transfer any interest in the Patents-in-Suit.

17.     Plaintiff denies that the scope of all asserted claims is limited by statements and disclaimers made to the Patent Office during prosecution of the Patents-in-Suit.

18.     Plaintiff denies that Defendants are entitled to a declaration that they do not infringe any claim of the Patents-in-Suit.

19.     Plaintiff denies that Defendants are entitled to a declaration that the asserted claims of the Patents-in-Suit are invalid.

20.     Plaintiff denies that Defendants are entitled to any relief whatsoever.

21.     Plaintiff reserves the right to include additional contentions and disputed issues of fact and law that may arise due to motions or procedural or substantive rulings of the Court, including any pending or future motions *in limine*, *Daubert* motions, and motions for summary judgment.  Plaintiff objects to the Court's claim construction order to the extent that the Court construed the claims differently from Plaintiff's requested constructions during the claim construction proceedings.

**B.      Defendants' Statement of Their Contentions**

By providing these contentions, Nintendo does not concede that all of these issues are appropriate for trial. Further, Nintendo does not waive any of its pending or anticipated motions for summary judgment, motions in limine or motions to exclude expert testimony, which, if granted, would resolve some or all of these issues. Nintendo's contentions in this case are further detailed in its pleadings, invalidity contentions, discovery responses, the expert reports and depositions of Nintendo's expert witnesses, and its briefing and responses to Plaintiff's motions.

1.      Nintendo contends it has not infringed, willfully or otherwise, directly or indirectly, any valid and enforceable claim of the '116 Patent.

2.      Nintendo contends it has not infringed, willfully or otherwise, directly or indirectly, any valid and enforceable claim of the '159 Patent.

3.      Nintendo contends that ThinkOptics has waived any and all arguments that Nintendo has infringed any valid and enforceable claim in either the '116 Patent or the '159 Patent under the Doctrine of Equivalents.

4.      Nintendo contends that the asserted claims of the '116 Patent are invalid as anticipated under 35 U.S.C. § 102.

5.      Nintendo contends that the asserted claims of the '159 Patent are invalid as anticipated under 35 U.S.C. § 102.

6.      Nintendo contends that the asserted claims of the '116 Patent are invalid for obviousness under 35 U.S.C. § 103.

7.      Nintendo contends that the asserted claims of the '159 Patent are invalid for obviousness under 35 U.S.C. § 103.

8.      Nintendo contends that the asserted claims of the '116 Patent are invalid because the claimed invention was made in the United States by another inventor who had not abandoned, suppressed, or concealed it.

9.      Nintendo contends that the asserted claims of the '159 Patent are invalid because the claimed invention was made in the United States by another inventor who had not abandoned, suppressed, or concealed it.

10.     Nintendo contends that Plaintiff cannot establish a date of invention any earlier than July 21, 2005.

11.     Nintendo contends that if any purported invention claimed by the '116 or '159 Patents is entitled to an invention date while Mr. Anders Grunnet-Jepsen was employed by Intel and if (1) any purported invention related at the time of conception or reduction to practice to Intel's business, or actual or demonstrably anticipated research or development or (2) any of the named inventors used any Intel equipment, supplies, or facilities in developing any of the alleged inventions, then the interest of Mr. Anders Grunnet-Jepsen therein was automatically assigned to Intel Corporation pursuant to Paragraph 4 of the Intel Employment Agreement.

12.     Nintendo contends that if any purported invention claimed by the '116 or '159 Patents is entitled to an invention date while Mr. Kenneth Salsman was employed by Intel and if (1) any purported invention related at the time of conception or reduction to practice to Intel's business, or actual or demonstrably anticipated research or development or (2) any of the named inventors used any Intel equipment, supplies, or facilities in developing any of the alleged inventions, then the interest of Mr. Kenneth Salsman therein was automatically assigned to Intel Corporation pursuant to Paragraph 4 of the Intel Employment Agreement.

13.     Nintendo contends that any and all proposals, writings and the like, including any interest in the '116 or '159 Patents made or conceived on or after October 4, 2004 were automatically assigned from Mr. Kenneth Salsman to Triton Services, Inc. pursuant to Mr. Salsman's employment agreement therewith.   Mr. Salsman executed a Confirmatory Patent Assignment agreement confirming that his Employment Agreement effective October 4, 2004 assigned his interest in the '116 and '159 Patents to Triton Services, Inc.

14.     Nintendo contends that ThinkOptics lacks standing to pursue its infringement allegations against Nintendo.  Nintendo further contends that the underlying facts demonstrating ThinkOptics's lack of standing both with respect to Intel and Triton must be tried to the jury, and that the Court will make the ultimate legal determination of standing based on the jury's resolution of the underlying facts, and, if necessary, briefing by the parties to the Court.

15.     Nintendo contends that the scope of all asserted claims is limited by statements and disclaimers made to the Patent Office during prosecution of the patents-in-suit.

16.      Nintendo denies that ThinkOptics has been damaged by any conduct by Nintendo and, therefore, ThinkOptics is not entitled to any damages.

17.     Nintendo contends that, even if infringement of any asserted claim is found, ThinkOptics's damages claim is excessive and unsupported, and that ThinkOptics is entitled to no more potential damages that the amount set forth in the expert report of Daniel J. Slottje.

18.     Nintendo contends that ThinkOptics is not entitled to any injunctive relief. Nintendo contends that ThinkOptics is not entitled to prejudgment interest.

19.     Nintendo of America Inc. contends that it is entitled to a declaration that it does not infringe any claim of the patents-in-suit.

20.     Nintendo of America Inc. contends that it is entitled to a declaration that the asserted claims of the patents-in-suit are invalid.

21.     Nintendo contends that it is entitled to its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285.22.     The prior art that Nintendo expects it will use to provide the asserted claims are invalid at trial are identified on page 9 of Nintendo's Opposition to Plaintiff's Motion in Limine.  Nintendo expects it will further reduce the scope of its invalidity case based on (a) what claims ThinkOptics actually pursues at trial; and (b) the Court's rulings on pending Motions for Summary Judgment and Motions in Limine.

## V.     STIPULATIONS AND UNCONTESTED FACTS

### A.     Agreed Stipulations

1.     United States Patent No. 7,796,116, entitled "Electronic Equipment for Handheld Vision Based Absolute Pointing System," issued on September 14, 2010 from U.S. Patent Application No. 11/187,405, which was filed on July 21, 2005 and published as United States Patent Application Publication No. US 2006/0152488 A1 on July 13, 2006.

2.     United States Patent No. 7,864,159, entitled "Electronic Equipment for Handheld Vision Based Absolute Pointing System," issued on January 4, 2011, from United States Patent Application No. 11/187,435, which was filed on July 21, 2005 and published as United States Patent Application Publication No. US 2006/0152489 A1 on July 13, 2006.

3.     The named inventors of the '116 and '159 Patents are Anders Grunnet-Jepsen, John Sweetser, and Kenneth Salsman.

4.     ThinkOptics asserts claims 16 and 26 of the '116 Patent and claims 23, 26, and 28 of the '159 Patent against Nintendo of America Inc. and Nintendo Co., Ltd.

5.     ThinkOptics filed suit against Nintendo of America Inc. and Nintendo Co., Ltd. on September 2, 2011.

6.      Nintendo Co., Ltd. is a Japanese corporation with its principal place of business in Kyoto, Japan.

7.      Nintendo of America Inc. is a Washington corporation with its principal place of business in Redmond, Washington. It is a wholly owned subsidiary of Nintendo Co., Ltd.

8.      ThinkOptics is a California corporation with its principal place of business in San Jose, California.

**B.      Nintendo's Stipulations**

1.      On June 19, 2005, NOA received the communication identified as PTX-126.

2.      On December 18, 2006, NOA received the communication identified PTX-132.

3.      On December 18, 2006, NOA was on notice of U.S. Patent Application Nos. 2006/0152488 and 2006/0152489.

4.      On January 21, 2009, NCL was on notice of U.S. Patent Application 2006/0152488.

5.      On April 27, 2009, NCL was on notice of U.S. Patent Application 2006/0152489.

6.      On September 30, 2010, Nintendo was on notice of United States Patent No. 7,796,116.

**VI.   CONTESTED ISSUES OF FACT AND LAW**

The parties identify the following contested issues of fact and law.  To the extent any issue of law discussed below is deemed to be an issue of fact, it is incorporated into this section. The parties reserve the right to identify additional contested factual and legal issues, including issues raised in any motions *in limine*.  In addition, the parties specifically reserve all objections to the other parties' contentions regarding the contested issues of fact and law that remain to be litigated, such that any objections need not be identified below. The parties also

specifically reserve their objections as to whether any of the identified contested issues of fact and law are proper issues for trial and/or the Court's consideration.

1. Whether ThinkOptics has proven by a preponderance of the evidence that any Defendant directly infringes any of the asserted claims of the '116 and '159 Patents.

2. Whether ThinkOptics has proven by a preponderance of the evidence that any Defendant induces infringement of any asserted claims of the '116 and '159 Patents.

3. Whether ThinkOptics has proven by clear and convincing evidence that any Defendant's infringement of the asserted claims of the '116 and '159 Patents is willful.

4. Whether Defendants have proven by clear and convincing evidence that the asserted claims of the '116 and '159 Patents are invalid as anticipated by the prior art pursuant to 35 U.S.C. § 102.

5. Whether Defendants have proven by clear and convincing evidence that the asserted claims of the '116 and '159 Patents are invalid as obvious in light of the prior art pursuant to 35 U.S.C. § 103.

6. Whether Defendants have proven by clear and convincing evidence that the asserted claims of the '116 and '159 Patents are invalid because, before the invention date of the '116 and '159 Patents, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it.

7. Whether ThinkOptics has proven by a preponderance of the evidence that any of the asserted claims of the '116 and '159 Patents are entitled to an invention date earlier than the filing date of the applications that led to the '116 and '159 Patents and if so what date applies.

8.      Whether the interest of any named inventor in the '116 and '159 Patents was automatically assigned to the Intel Corporation pursuant to paragraph 4 of each inventor's employment agreement with Intel Corporation.

9.      Whether the interest of Mr. Kenneth Salsman in the '116 and '159 Patent was automatically assigned to Triton Services, Inc. pursuant to his employment agreement with Triton Services, Inc.

10.     Whether Nintendo is estopped from contesting or has waived its right to contest ThinkOptics's ownership of the Patents-in-Suit and/or ThinkOptics's standing through its failure to file a dispositive motion as to these issues on or before the dispositive motion deadline.

11.     Whether this case is an exceptional case pursuant to 35 U.S.C. § 285, and, if so, whether any party is entitled to an award of attorneys' fees.

12.     Whether, if the '116 and/or '159 Patents are found to be infringed and valid, Plaintiff is entitled to damages to compensate for any such infringement by any Defendants and if so the dollar amount of such damages.

13.     Whether Nintendo has proved that this case is exceptional such that it is entitled to its reasonable attorneys' fees and costs, and if so, in what amount.

14.     Whether ThinkOptics has proved it is entitled to injunctive relief.

15.     Whether ThinkOptics has proved that this case is exceptional and that it is entitled to costs, attorneys' fees, or pre- or post-judgment interest, and if so, in what amount.


## VII.    LIST OF WITNESSES

The Parties' current operative Witness Lists are submitted herewith as Exhibit A and B respectively.

## VIII.   LIST OF EXHIBITS

Submitted concurrently herewith as Exhibit C and D are copies of each sides most current exhibit list.   Counsel for the parties have met-and-conferred regarding outstanding exhibit objections, including during in-person conferences on June 24 and June 25 in Dallas, Texas.   The Parties anticipate all exhibit related objections will be decided by the Court's rulings on pending motions or by agreement of the parties.

## IX.     DEPOSITION DESIGNATIONS

The Parties have exchanged deposition designations, rebuttal designations and objections thereto pursuant to the deadline set forth in the Court's docket control order.   Attached as Exhibit E and F are tables listing all current designations, counter-designations, and objections.

The parties have met-and-conferred extensively and made substantial progress regarding limiting the scope of the parties' deposition designations, The Parties plan to use the procedure for disclosing and finalizing video deposition clips described in Paragraph 6 of Section XII (Management Conference Limitations) to resolve any outstanding designation objections.   The Parties agree live argument regarding deposition designation objections is not presently necessary.

## X.      LIST OF PENDING MOTIONS

- Nintendo's Motion for Summary Judgment of Invalidity (Dkt. No. 320)

- ThinkOptics Motion for Partial Summary Judgment of No-Invalidity in Light of the "Wii System Invention" (Dkt. No. 346)

- Nintendo's Motion for Summary Judgment of Noninfringement (Dkt. No. 347)

- Nintendo's Motion for Leave to File Its Motion to Dismiss (Dkt. No. 414)

- Nintendo's Motion to Dismiss for Lack of Standing (Dkt. No. 415)

- Joint Motion in Limine regarding Agreed Motion in Limine Topics (Dkt. No. 423)

- ThinkOptics's Opposed Motion in Limine (Dkt No. 426)

- Nintendo's Opposed Motion in Limine (Dkt. No. 427)


## XI.   PROBABLE LENGTH OF TRIAL

Pursuant to the Docket Control Order, the Parties have submitted their trial time estimates. *See* Dkt. Nos. 440, 441.


## XII.   MANAGEMENT CONFERENCE LIMITATIONS

1.      The parties agree that each party/side will make the individuals who submitted expert reports on its behalf available to testify at trial, and thus the parties do not need to designate the deposition testimony of any proffered expert witness.  In the unexpected event a proffered expert witness becomes unavailable to testify at trial, the parties will confer on a schedule for deposition designations, counter designations, and objections to be exchanged.

2.      The parties agree that a party need not designate the deposition testimony of any witness the party has designated as "will call" for trial.  In the unexpected event a party's "will call" witness becomes unavailable to testify for the party at trial, the parties will confer on a schedule for deposition designations, counter designations, and objections to be exchanged.

3.      The Parties will exchange copies of all documentary exhibits, graphics, slides, animations, and any other form of demonstratives that the parties plan to show the jury during opening statements by 6:00 pm Central Time on the day before opening statements will be given.

The Parties shall exchange objections to demonstratives and documentary exhibits to be used during opening statements by no later than 9:00 pm Central Time that evening.  The Parties will meet-and-confer by telephone at 10:00 pm Central Time that evening regarding any outstanding objections to demonstratives and documentary exhibits that a party intends to use during opening statements.

4.      The parties will exchange copies of all documentary exhibits, graphics, slides, animations, and any other form of demonstratives they plan to use at trial for use during direct examination -- but not for cross-examination -- by 7:30 p.m. Central Time the night before the day of intended use.  The parties shall exchange objections to the demonstratives by 10:00 p.m. on the day the exhibits are received. Demonstratives exchanged will not be used by an opposing party prior to being used by the disclosing party.

5.      The parties will identify witnesses to be called live at 7:00 p.m. Central Time the night before the day of trial during which the witnesses will testify.  For each live witness, the parties will also identify any exhibits associated with the witness that are intended to be used as evidence during direct examination.

6.      The Parties will identify witnesses to be called by deposition, including final deposition designations for that witness, by 8:00 pm Central Time two days before the deposition is expected to be played to the jury. The opposing party will serve counter-designations by 9:00 am Central Time the next day. The party offering the deposition will serve final clips of video depositions by 8:00 pm Central Time the day before the clip is expected to be played to the jury.

7.      The parties agree to continue to meet and confer to resolve any outstanding objections to the other party's deposition designations and exhibits.  The parties agree to

endeavor to enter into stipulations as to the authenticity and use of produced documents following the exchange of exhibit lists and objections.

8.      All documents, including electronic documents, authored by an employee, an officer or an agent of the producing party, or of a subsidiary or a predecessor of the producing party, or of a company acquired by the producing party or its subsidiary, to this case are authentic and genuine documents in satisfaction of the requirement of authentication and identification of Rule 901 of the Federal Rules of Evidence.  Each party maintains its right to withdraw this Stipulation as to any document if the party determines that such document is not authentic or genuine, is incomplete, or includes pages that are not part of the document.

9.      Any document, including electronic documents, produced from the files of a party during the course of this case that indicates on its face that it was authored by an employee, an officer or an agent of the producing party, or of a subsidiary or a predecessor of the producing party, or of a company acquired by the producing party or its subsidiary -- including but not limited to copies of e-mails from the parties' e-mail system, manuals of the parties' products, and documents created by or using the parties' products -- are, in the form produced during discovery, records of regularly conducted activity pursuant to Federal Rules of Evidence 803(6) and 902(11) that were: a) made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; b) kept in the course of the regularly conducted activity; and c) made by the regularly conducted activity as a regular practice.  Each party maintains its right to withdraw this Stipulation as to any document if the party determines that such document is not authentic or genuine, is incomplete, or includes pages that are not part of the document.

10.     The parties' respective Exhibit Lists do not include the parties' demonstrative exhibits, which the parties will exchange on a later date.

11.     The parties will confer concerning additional limitations, if any, and propose them in advance of the Final Pretrial Conference.


## XIII.   CERTIFICATIONS

The undersigned counsel for each of the parties to this action does hereby certify and acknowledge the following:

1.     Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders;

2.     The parties have complied with discovery limitations as set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders.  The parties have stipulated and moved this Court on various issues regarding discovery limitations, which have all been set forth in the Discovery Order and/or ruled upon by the Court;

3.     Each exhibit in the Exhibit Lists (a) is in existence; (b) will be numbered; and (c) will be disclosed and shown to opposing counsel no later than May 22, 2014, except and to the extent demonstrative exhibits have not yet been created or exchanged.

Approved as to form and substance:

Dated: June 25, 2014                    Respectfully submitted,


                                        **NIX PATTERSON & ROACH, L.L.P.**

                                        _____/s/ Edward Chin_____
                                        **D. NEIL SMITH, Attorney in Charge**
                                        STATE BAR NO. 00797450
                                        **EDWARD CHIN**
                                        STATE BAR NO. 50511688
                                        **ANDREW J.WRIGHT**
                                        STATE BAR NO. 24063927
                                        **KIRK A. VOSS**
                                        STATE BAR NO. 24075229
                                        **CHRISTIAN HURT**
                                        STATE BAR NO. 24059987
                                        **NIX PATTERSON &ROACH, L.L.P.**
                                        5215 N. O'Connor Blvd., Suite 1900
                                        Irving, Texas 75039
                                        972.831.1188 (telephone)
                                        972.444.0716 (facsimile)
                                        dneilsmith@me.com
                                        edchin@me.com
                                        andrewjwright@me.com
                                        kirkvoss@me.com
                                        christianhurt@nixlawfirm.com

                                        **DEREK GILLILAND**
                                        STATE BAR NO. 24007239
                                        **NIX PATTERSON &ROACH, L.L.P.**
                                        205 Linda Drive
                                        Daingerfield, Texas 75638
                                        903.645.7333 (telephone)
                                        903.645.5389 (facsimile)
                                        dgilliland@nixlawfirm.com

                                        **STEVEN H. SLATER**
                                        STATE BAR NO. 00784985
                                        **NATALIE SWIDER**
                                        STATE BAR NO. 24063211
                                        **ADAM C. DAVENPORT**
                                        STATE BAR NO. 24065117
                                        **SLATER & MATSIL, L.L.P.**
                                        17950 Preston Road, Suite 1000
                                        Dallas, Texas 75252

972.732.1001 (telephone)
972.732.9218 (facsimile)
slater@slater-matsil.com
swider@slater-matsil.com
davenport@slater-matsil.com

**ATTORNEYS FOR PLAINTIFF
THINKOPTICS, INC.**

By: /s/ *Tyler C. Peterson*
Grant Kinsel, *pro hac vice*
    Lead Counsel
    Email: gkinsel@perkinscoie.com
Jonathan L. McFarland, *pro hac vice*
    Email: JMcFarland@perkinscoie.com
Tyler C. Peterson, *pro hac vice*
    Email: tcpeterson@perkinscoie.com
Kyle M. Amborn, *pro hac vice*
    Email: kamborn@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel:   206.359.8000
Fax:   206.359.9000

Joseph P. Hamilton, *pro hac vice*
    Email: JHamilton@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067
Tel:   310.788.3271
Fax:   310.843.1286

Clyde M. Siebman
SIEBMAN, BURG, PHILIPS & SMITH, L.L.P.
Federal Courthouse Square
300 N. Travis Street
Sherman, TX 75090
Tel:   903.870.0070
Fax:   903.870-0066
email: Siebman@siebman.com

Attorneys for Nintendo of America Inc.
and Nintendo Co., Ltd.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served on all counsel of record via electronic mail through Local Rule CV-5(a) on this 25th day of June, 2014.

/s/ Tyler Peterson

This Joint Amended Pre-Trial Order is hereby approved this _____day of _____, 2014.

_____
United States District Judge